IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 11:38 am, Mar 22, 2017*

| | |
|---|---|
| FREDRICK DRIVER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:15-cv-55 |
| v. | |
| SANDA NOVY, | |
| Defendant. | |

### ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a 42 U.S.C. § 1983 action, alleging that Defendant violated his constitutional rights. (Doc. 1.) On September 30, 2016, Defendant filed a Motion for Summary Judgment. (Doc. 23.) The Clerk of Court mailed a Notice to Plaintiff advising him that Defendant filed a Motion for Summary Judgment and that he must file a response by October 24, 2016. (Doc. 24.) That Notice further advised Plaintiff that:

>  1.   If you do not timely respond to this motion . . . , the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

>  2.   If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

>  3.   If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

(Id.) Plaintiff filed no Response to Defendant's Motion for Summary Judgment, and the Court received no indication this Notice or Defendant's Motion was undeliverable.[1]  However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion."  United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted).  Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact."  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).  Based on the reasons which follow, the Court should **GRANT** Defendant's unopposed Motion, **DISMISS** Plaintiff's Complaint, and **CLOSE** this case.  In addition, the Court should **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

On May 2, 2015, Officer Novy distributed food trays to inmates, including Plaintiff, in Smith State Prison's Tier II Program.  (Doc. 23-1, p. 2.)  Defendant opened the meal tray flap and passed Plaintiff his meal tray.  (Id. at p. 3.)  However, instead of taking the food tray, Plaintiff impermissibly reached through the flap, grabbed Defendant Novy's shirt and refused to let go.  (Id.; Doc 23-3, p. 5; Doc. 23-4, p. 3.)  Defendant grabbed Plaintiff's arm and the flap and attempted to push Plaintiff's arm back into the cell while holding the flap open.  (Doc. 23-1, p. 3.)  At the same time, Defendant gave Plaintiff verbal commands to remove his arm from the tray flap.  Plaintiff refused to do so, and Defendant was unable to push Plaintiff's arm back inside the cell without applying more force.  (Id.)  Defendant then released Plaintiff's arm and

---

[1] In fact, Plaintiff has not filed anything in this case since he submitted his Prison Trust Fund Account Statement and his Consent to Collection of Fees form on June 18, 2015.  (Docs. 4, 5.)

the flap, allowing Plaintiff to keep his arm outside the cell door. The entire incident lasted approximately eight to ten seconds. (Id. at p. 4.)

Defendant then proceeded to notify Deputy Warden Kevin Sprayberry, the officer in charge, of his use of force. (Id.) Sprayberry instructed Defendant to continue distributing meal trays to the rest of the inmates. Shortly thereafter, Sprayberry arrived at Plaintiff's cell and instructed him to pull his arm back inside; Plaintiff complied with those instructions. Sprayberry then arranged for Plaintiff to have a use-of-force medical exam, which revealed no injuries. (Id. at p. 5.) During a later medical exam after Plaintiff complained of pain in his left shoulder, the doctor was again unable to diagnose any injury, but prescribed Motrin. (Id.) Plaintiff does not allege any further injuries beyond a sore left shoulder. (Id.)

After Plaintiff filed his Complaint, the Court conducted a frivolity review and allowed his Eighth Amendment use of force claim to proceed against Defendant Novy. (Docs. 8, 9.) Defendant then filed this Motion for Summary Judgment to which Plaintiff did not respond. (Doc. 23.)

**STANDARD OF REVIEW**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

3

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cty., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION

Defendant asserts in his Motion that: 1) Plaintiff cannot sustain his Eighth Amendment claims; 2) the Prison Litigation Reform Act bars Plaintiff's monetary damages claims because he did not suffer more than a *de minimis* injury as a result of Defendant's actions; and 3) Defendant is entitled to qualified immunity. (Doc. 23-2, pp. 17–27.) In moving for summary judgment, Defendant relies on his Statement of Material Facts, affidavits, Plaintiff's medical reports, a copy of the incident report, and a copy of the transcript from Plaintiff's deposition.

As set forth below, Plaintiff fails to establish a genuine dispute as to his claims, and the Court should grant Defendant's Motion as a result.

**I.      Plaintiff's Use of Force Claim**

Plaintiff's excessive use of force claim and Defendant's Motion require analysis of the Eighth Amendment's proscription against cruel and unusual punishment. That proscription governs the amount of force that prison officials are entitled to use against inmates. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, courts consider the following factors: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Through his supporting materials, Defendant shows the following in light of the factors the Court is to consider when analyzing whether an Eighth Amendment use of force was done wantonly and unnecessarily to cause harm.

### A. The Need for the Exercise of Force

Based upon the undisputed facts before the Court, there appears to have been a need for Defendant Novy's exercise of force. In this case, Plaintiff impermissibly had his arm outside his cell door and had grabbed Defendant's shirt. Furthermore, Plaintiff refused a direct command from Defendant to remove his arm from the tray flap. (Doc. 23-2, pp. 5–6; Doc. 23-4, p. 4; Doc. 23-6, pp. 7–8.) Defendant needed to use some measure of force against Plaintiff in an effort to secure his person and obtain Plaintiff's compliance in securing the tray flap—particularly in the face of Plaintiff's repeated refusal. Thus, this factor weighs in Defendant's favor. Alday v. Groover, No. CV 212-108, 2014 WL 1320093, at *6 (S.D. Ga. Mar. 31, 2014) (noting that plaintiff failed to follow officer's lawful commands and that an "official need not wait until disturbances are dangerous before using force to restore order.") (citing Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007)).

### B. The Relationship Between the Need for the use of Force and the Amount Applied

Defendant used an appropriate amount of force given that Plaintiff continuously refused to follow orders. Defendant pushed Plaintiff's arm in an attempt to free Plaintiff's grip from his shirt and to secure Plaintiff back in his cell. (Doc. 23-1, p. 3; Doc. 23-3, p. 5; Doc. 23-4, p. 4.) Given the legitimate concern of maintaining prison security and order, Defendant's push was warranted. Lester v. Ga. Dep't of Corr., No. 6:15-cv-110, 2016 WL 146514, at *4 (S.D. Ga. Jan. 12, 2016) (citing Brown v. Smith, 813 F.2d 1187, 1189–90 (11th Cir. 1987) (recommending judgment in favor of an officer who used force against an inmate to accomplish the legitimate security purpose of getting the inmate into his cell), *adopted by* 2016 WL 524616 (Feb. 5, 2016). Furthermore, Defendant's use of force would still be justified if he did in fact slam the tray flap on Plaintiff's arm as Plaintiff claims. Johnson v. Moody, 206 F. App'x 880, 882–84 (11th Cir.

6

2006) (holding that the "[Guard']s kicking of the tray door with his foot . . . resulting in a minor injury" was proportional to inmate's refusal to remove arm from the tray flap and not excessive force); cf. Hutcheson v. Binion, No. 4:09CV056-M-S, 2011 WL 2669078, *3 (N.D. Miss. May 3, 2011) (finding that the first time an officer slammed a prisoner's arm may have been inadvertent in an attempt to maintain order, but it became "obvious" that the officer's repeated slamming of the inmate's arm in the flap crossed into the "unreasonable or even malicious territory"). Given the above reasons, this factor also weighs in Defendant's favor, particularly because the Court gives greater "deference to prison officials acting to preserve discipline and security, especially when they make decisions at the scene of a disturbance. Williams v. Slack, 438 F. App'x 848, 851 (11th Cir. 2011).

### C.  The Extent of Plaintiff's Injuries

The extent of Plaintiff's injury also weighs in favor of summary judgment. The extent of injury "is a relevant factor in determining whether the use of force could plausibly have been thought necessary under the circumstances and may be an indication of the amount of force applied." Logan v. Smith, 439 F. App'x 798, 800 (11th Cir. 2011) (citing Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)). However, while the resulting injury can be indicative, the key inquiry is the amount of force applied by Defendant, not the severity of the injury that resulted to Plaintiff. Id. at 800–01 (citing Wilkins, 559 U.S. at 37). Injury and force are "imperfectly correlated," and "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 559 U.S. at 38.

In the case at hand, Plaintiff's injuries were minimal. Plaintiff's objective medical documentation indicates that he had no injuries consistent with excessive force. The medical

7

report from Plaintiff's initial exam revealed that there was no injury or other medical findings. (Doc. 23-3, pp. 8–10; Doc. 23-5, p. 3.) No treatment was prescribed at the time and no follow-up was needed. Plaintiff later went to see a doctor for his alleged shoulder pain, and while the doctor could not diagnose any injury, he prescribed Motrin due to Plaintiff's complaint about shoulder pain. (Doc. 23-6, p. 13.)

While injury and the amount of force are imperfectly correlated, here the indisputably minimal injuries that Plaintiff suffered reveal that Defendant only applied minimal force. Wilkins, 559 U.S. at 38 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.") These injuries are so insignificant that they weigh against the jury finding for Plaintiff on the "core judicial inquiry" of whether "the nature of the force—specifically, whether it was nontrivial and 'was applied . . . maliciously and sadistically to cause harm.'" Wilkins, 559 U.S. at 39 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

### D.  Extent of Threat to the Safety of Staff and Other Inmates

Defendant acted to protect himself and to maintain security and discipline when he used force. Plaintiff had grabbed ahold of Defendant's shirt and refused to withdraw his arm so that Defendant could not secure the tray flap. Defendant pushed Plaintiff's arm in order to break Plaintiff's grip on his person and to secure the flap. Thus, this factor also goes to Defendant's favor.

### E.  Any Efforts Taken to Temper the Severity of the Forceful Response

Given Plaintiff's injuries resulting from Defendant's use of force, little effort was needed to mitigate the effects of the force. However, Plaintiff still received a medical evaluation and was prescribed Motrin when he complained of continued pain. (Doc. 23-6, p. 13.) Taking into

consideration the low severity of Plaintiff's injury and the medical care provided, the evidence reveals no impropriety and, therefore, falls in Defendant's favor. Alday, 2014 WL 1320093, at *7.

All of the five factors discussed above weigh in Defendant's favor. Consequently, the Court should **GRANT** Defendant's Motion for Summary Judgment and **DISMISS** Plaintiff's Complaint.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable

---

[2] A Certificate of Appealability ("COA") is not required to file an appeal in a Section 1983 action. See Fed. R. App. P. 3 & 4; Morefield v. Smith, No. 607CV010, 2007 WL 1893677, at *1 (S.D. Ga. July 2, 2007) (citing Mathis v. Smith, No. 05-13123-A (11th Cir. Aug. 29, 2005) (unpublished)).

merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Defendant's Motion for Summary Judgment, the Court should **DENY** Plaintiff's potential *in forma pauperis* status on appeal as there are no non-frivolous issues to raise, and any appeal would not be taken in good faith.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Defendant's unopposed Motion for Summary Judgment. I also **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 22nd day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA